PETTLER et al. v. SPRINGMEIER SHIP-
PING CO., Inc.

No. 6168.

District Court, E. D. Pennsylvania.

Sept. 12, 1946.

Einhorn & Schachtel, Samuel L. Ein-horn, and Edward L. Frater, all of Phila-delphia, Pa., for plaintiffs.

Conlen, LaBrum & Beechwood and Mark E. Lefever, all of Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is a motion to dismiss the plaintiffs' cause of action by the defendant under the Interstate Commerce Act, as amended by the Act of May 16, 1942, 49 U.S.C.A. § 1001 et seq.

The defendant's motion to dismiss is grounded on the failure of the plaintiffs to state a claim against the defendant upon which relief could be granted by reason of the fact that it does not set forth in what manner, if any, it was agreed that the defendant was to act as freight for-warder for the plaintiffs.

Paragraph Three of the complaint al-leges that: "The defendant was, on the dates hereinafter mentioned, and, at all times since, a freight forwarder subject to the provisions of the Interstate Commerce Act and as such was the delivering trans-portation company of the shipment herein-after referred to". Reference is then made to delivery by the plaintiffs to the Alamo Freight Lines, Inc., at Laredo, Texas, of fifty seven (57) cartons of pigskin leather belts, in good condition, for transportation to the plaintiffs at Philadelphia, Pennsyl-vania. Further, it is alleged that the car-rier failed to use reasonable care in trans-porting the said fifty seven (57) cartons of belts in that upon receipt at their ultimate destination the shipment was found to be in a generally wet and damaged condition.

Part IV of the Interstate Commerce Act of May 16, 1942, provides as follows:

"Bills of lading and delivery of property:

"The provisions of section 20(11) and (12) of this title, together with such other provisions of chapter 1 of this title (includ-ing penalties) as may be necessary for the enforcement of such provisions, shall apply with respect to freight forwarders, in the case of service subject to this chapter, with like force and effect as in the case of those persons to which such provisions are spe-cifically applicable, and the freight for-warder shall be deemed both the receiving and delivering transportation company for the purposes of such section 20(11) and (12)". 49 U.S.C.A. § 1013.

Section 20(11), 49 U.S.C.A., provides:

"Any common carrier, railroad, or trans-portation company delivering said proper-ty so received and transported shall be liable to the lawful holder of said receipt or bill of lading * * * for the full ac-tual loss, damage, or injury to such prop-erty caused by it or by any such common carrier, railroad, or transportation com-pany to which such property may be de-livered or over whose line or lines such property may pass within the United States * * *".

It can be seen that the Act makes the delivering carrier as well as the initial car-

rier, subject to full liability for any damages and accordingly the nub of the defendant's motion is that the relationship arising as a result of an acceptance by a carrier and a delivery by it of the goods with the understanding that they should be transported is not sufficiently set forth.

However, considering under a motion to dismiss that the allegations of the complaint must be accepted as true, it cannot be here stated that a sufficient cause of action is not well set forth in the complaint since paragraph three while not alleging with precision and detail that the defendant was to act as freight forwarder for the plaintiffs is, as has been indicated, sufficient to apprise the defendant of the nature of the plaintiffs' cause of action and requires answer thereto.

Accordingly, the motion to dismiss is denied.